UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAMES BASTIN,<br><br>    Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>    Defendant. | Case No: 1:23-cv-406<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff James Bastin, by and through the undersigned counsel, complains, states, and alleges against defendant Midland Credit Management, Inc., as follows:

## INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3. This court has jurisdiction over Defendant Midland Credit Management, Inc. because it regularly conducts and transacts business in this state, Midland Credit Management, Inc. is located in this District, part of the conduct complained of herein occurred in this Judicial District, and Plaintiff resides in this District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

1

## PARTIES

5. Plaintiff James Bastin ("Plaintiff") is a natural person who is a citizen of the State of Texas residing in Lago Vista, Travis County, Texas.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Midland Credit Management, Inc. ("MCM") is a company existing under the laws of the State of California, with its principal place of business in San Diego, California.

8. MCM has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. MCM regularly collects or attempts to collect debts asserted to be owed to others.

10. MCM is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of MCM's business is the collection of such debts.

12. MCM uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. MCM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of MCM as described in this Complaint were performed by MCM or on MCM's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to MCM in this Complaint shall mean MCM or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. Plaintiff maintained a personal credit card account with Capital One Bank (USA), N.A.

16. Due to financial difficulties, Plaintiff began to fall behind on payments owed on the credit card.

17. Thereafter, MCM sent Plaintiff a letter, dated March 22, 2023.

18. The letter alleged that Plaintiff no longer owed money to Capital One Bank (USA), N.A., but now owed $9,716.35 to Midland Credit Management, Inc.

19. However, Plaintiff was never indebted to Midland Credit Management, Inc., and was never indebted to Midland Credit Management, Inc. for $9,716.35.

20. Debt scavengers purchase large CSV files or Excel spreadsheets of purported "accounts" from credit card companies or other debt scavengers for pennies on the dollar. These files are usually without account-level documentation establishing that the amount sought is correct, and without sufficient proof of the debt scavenger's legal right, title and/or interest in the money sought. By paying so little for the debt, debt scavengers stand to make tremendous amounts of money when unsuspecting or easily confused consumers pay even a small portion of the money sought.

21. According to data provided by the Consumer Financial Protection Bureau (the "CFPB"), consumer complaints about debt scavenger and collectors attempting to collect money not actually owed by the consumer are by far the most common of all complaints received by the Bureau every year.

22. Upon information and belief, MCM is a debt scavenger.

23. Upon information and belief, Midland Credit Management, Inc. purchases large CSV files or Excel spreadsheets of purported "accounts" and merely uploads said data into its account management system without reviewing any of the information regarding any individual account or balance allegedly owed.

24. Upon information and belief, after uploading these data, Midland Credit Management, Inc. begins to attempt to collect the accounts without performing any inquiry into the account or balance allegedly owed.

25. Upon information and belief, Midland Credit Management, Inc. purchased a CSV file or Excel spreadsheet that included Plaintiff's name, but failed to include account-level documentation, such as a credit agreement signed by Plaintiff or any other competent proof that Plaintiff owed the amount sought to establish Midland Credit Management, Inc.'s legal right, title and/or interest in $9,716.35 allegedly owed by Plaintiff.

26. Indeed, Plaintiff was never indebted to Midland Credit Management, Inc. for $9,716.35 and Midland Credit Management, Inc. never extended credit to Plaintiff for $9,716.35.

27. Plaintiff was never involved in any transaction with Midland Credit Management, Inc. for $9,716.35 and never entered into any contract with Midland Credit Management, Inc. for the payment of $9,716.35.

28. Upon information and belief, MCM does not possess competent proof that Plaintiff owes $9,716.35 to Midland Credit Management, Inc.

29. Upon information and belief, MCM does not possess any credit agreement between Plaintiff and Midland Credit Management, Inc. for $9,716.35.

30. Upon information and belief, MCM does not possess competent proof that Plaintiff agreed to pay $9,716.35 to Midland Credit Management, Inc.

31. Upon information and belief, MCM does not possess any competent proof that Plaintiff is obligated to pay $9,716.35 to Midland Credit Management, Inc.

32. Upon information and belief, MCM does not possess any competent proof that $9,716.35 was ever owed by Plaintiff to Midland Credit Management, Inc.

33. Upon information and belief, MCM does not possess any competent proof that Plaintiff owed $9,716.35 at the time Midland Credit Management, Inc. purchased the portfolio of debt.

34. MCM holds no legal right, title or interest in $9,716.35 owed by Plaintiff.

35. Nevertheless, in its efforts to collect the money, MCM decided to contact Plaintiff by letter.

36. That letter, dated March 22, 2023, was received and read by Plaintiff.

37. The letter stated "You are pre-approved for a 10% discount!"

38. The foregoing is designed to have a psychological impact on consumers, intended to induce payment from consumers, for debts the consumer would otherwise dispute or not pay.

39. Upon information and belief, MCM does not have a "pre-approval" process to offer consumers discounted payment arrangements on debt.

40. MCM's statement that Plaintiff has been pre-approved for a discounted program is false, misleading, and/or deceptive.

41. The letter stated, "STOP our calls by selecting one of these 3 options."

42. The foregoing states, or implies, that the only way a consumer can stop MCM from calling in an attempt to collect the alleged debt is by selecting one of the three payment options being provided by MCM.

43. In fact, a consumer can stop MCM's collection calls by providing a written cease and desist.

44. Stating, or implying, that the only way a consumer can stop MCM from calling in an attempt to collect the alleged debt is by selecting one of the three payment options being provided by MCM is false, misleading, and/or deceptive.

45. The acts of MCM as described in this Complaint were performed by MCM or on MCM's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "MCM" in this Complaint shall mean MCM or its owners, officers, agents, and/or employees.

46. MCM's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from MCM's conduct.

47. Plaintiff justifiably fears that, absent this Court's intervention, MCM will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged debt and other alleged debts.

48. Plaintiff justifiably fears that, absent this Court's intervention, MCM will ultimately cause Plaintiff unwarranted economic harm.

49. Plaintiff justifiably fears that, absent this Court's intervention, MCM will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

50. Plaintiff justifiably fears that, absent this Court's intervention, MCM will ultimately cause Plaintiff to be sued.

51. A favorable decision herein would serve to deter MCM from further similar conduct.

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10)**

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

53. The Plaintiff is a "consumer" as that term defined by the FDCPA.

54. MCM is a "debt collector" as that term is defined by the FDCPA.

55. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

56. The letter is a "communication" as that term is defined by the FDCPA.

57. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

58. 15 U.S.C. § 1692d provides, generally, that a debt collector may not engage in conduct the natural consequence of which is to harass, abuse, and/or oppress.

59. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

61. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

62. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692e(10).

63. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692e(10).

64. As previously stated in this Complaint, Plaintiff did not owe the amount MCM alleged is owed to Midland Credit Management, Inc. by Plaintiff.

65. MCM's contention that Plaintiff owed the alleged debt to Midland Credit Management, Inc., when Plaintiff did not owe the alleged debt to MCM, amounts to conduct the natural consequence of which is to harass, abuse, and/or oppress in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692d.

66. MCM's contention that Plaintiff owed the alleged debt to Midland Credit Management, Inc., when Plaintiff did not owe the alleged debt to MCM, is a false, misleading, and/or deceptive representation, in violation of 15 U.S.C. § 1692e.

67. MCM's contention that Plaintiff owed the alleged debt to Midland Credit Management, Inc., when Plaintiff did not owe the alleged debt to MCM, is a false representation of the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

68. MCM's contention that Plaintiff owed the alleged debt to Midland Credit Management, Inc., when Plaintiff did not owe the alleged debt to MCM, is a false representation or deceptive means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692e(10)

69. For the foregoing reasons, MCM violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10) and is liable to Plaintiff therefor.

70. MCM violated the FDCPA and is liable to Plaintiff for statutory damages of up to $1,000.00 plus costs and attorney's fees as provided for by Section 1692k of the FDCPA.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f

71. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

72. The Plaintiff is a "consumer" as that term defined by the FDCPA.

73. MCM is a "debt collector" as that term is defined by the FDCPA.

74. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

75. The letter is a "communication" as that term is defined by the FDCPA.

76. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

77. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false,

deceptive, or misleading representation or means in connection with the collection of any debt.

78. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

79. 15 U.S.C. § 1692f prohibits the use of any unfair or unconscionable means to collect or attempt to collect any debt.

80. The letter stated "You are pre-approved for a 10% discount!"

81. The foregoing is designed to have a psychological impact on consumers, intended to induce payment from consumers, for debts the consumer would otherwise dispute or not pay.

82. Upon information and belief, MCM does not have a "pre-approval" process to offer consumers discounted payment arrangements on debt.

83. MCM's statement that Plaintiff has been pre-approved for a discounted program is false, misleading, and/or deceptive.

84. MCM's statement that Plaintiff has been pre-approved for a discounted program is an unfair and/or unconscionable means in an attempt to collect the alleged debt.

85. The letter stated, "STOP our calls by selecting one of these 3 options."

86. The foregoing states, or implies, that the only way a consumer can stop MCM from calling in an attempt to collect the alleged debt is by selecting one of the three payment options being provided by MCM.

87. In fact, a consumer can stop MCM's collection calls by providing a written cease and desist.

88. Stating, or implying, that the only way a consumer can stop MCM from calling in an attempt to collect the alleged debt is by selecting one of the three payment options being provided by MCM is false, misleading, and/or deceptive.

89. Stating, or implying, that the only way a consumer can stop MCM from calling in an attempt to collect the alleged debt is by selecting one of the three payment options being provided by MCM is an unfair and/or unconscionable means in an attempt to collect the alleged debt..

90. For the foregoing reasons, MCM violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f and is liable to Plaintiff therefor.

91. MCM violated the FDCPA and is liable to Plaintiff for statutory damages of up to $1,000.00 plus costs and attorney's fees as provided for by Section 1692k of the FDCPA.

## JURY DEMAND

92. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding MCM actions violate the FDCPA; and

b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

d. Awarding the costs of this action to Plaintiff; and

e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

f. Such other and further relief that the Court determines is just and proper.

DATED: April 11, 2023

                                                    Respectfully Submitted,

                                                    **HALVORSEN KLOTE**

By:       <u>/s/ Joel S. Halvorsen</u>

                Joel S. Halvorsen, #67032
                680 Craig Road, Suite 104
                St. Louis, MO 63141
                P: (314) 451-1314
                F: (314) 787-4323
                E: joel@hklawstl.com
                Attorneys for Plaintiff